IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL S. ARGENYI, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| | ) | |
| CREIGHTON UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, by and through his counsel, respectfully files this Original Complaint and would show as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Michael S. Argenyi, who is deaf, brings this civil action against Defendant Creighton University alleging that it violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189, Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794, by failing to provide the Plaintiff with effective means of communication in order to fully participate as a first year medical student.

2. Plaintiff Michael S. Argenyi is a first year student at the Creighton University School of Medicine located in Omaha, Nebraska. He brings this lawsuit to compel the University to cease its discriminatory practices, and to provide him with reasonable accommodations that will ensure effective communication and an equal opportunity to participate in and benefit from the School of Medicine. Plaintiff seeks declaratory and injunctive relief, compensatory damages, and his reasonable attorney's fees, expenses, and costs.

## PARTIES

3. Plaintiff Michael S. Argenyi resides at 1023 Jones Street, Apartment 801, Omaha, Nebraska 68102 and is a first year medical student at Creighton University School of Medicine.

4. Defendant Creighton University, located in Omaha, Nebraska, is a private University that owns, operates, and/or leases a place of public accommodation pursuant to 42 U.S.C. § 12181 (7) (J). Defendant is a federal financial recipient. Defendant's agents at all material times herein as alleged in the Complaint, were acting within the scope of their employment and authority for Defendant.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343 (a).

6. Venue is proper in the District of Nebraska pursuant to 28 U.S.C. § 1391 (c) as Defendant conducts business in this District.

## FACTUAL ALLEGATIONS

7. Plaintiff Michael S. Argenyi is deaf. He is an individual who was diagnosed with a bilateral profound sensorineoral hearing loss at the age of eight (8) months. He received a cochlear implant in the right ear in June of 2004 and in the left ear June of 2009. Significant sound distortion (due to sensory nerve damage) remains even for sounds that Plaintiff is now able to "hear." A rough analogy for a hearing person would be listening to a poorly tuned crackling radio station, in which only fragments of speech are heard and turning the volume up will not make the sound clearer or complete.

8. Due to his disability of deafness, Plaintiff is substantially limited in the major life activities of hearing, speaking, and communicating.

9. Plaintiff was accepted to the Creighton University School of Medicine on March 17, 2009. Included in the letter of acceptance were the conditions of acceptance and the technical standards of the School of Medicine. The technical standards outline the requirements all medical students are required to follow. This document must be signed by all incoming medical students.

10. On or about March 22, 2009, Plaintiff returned the admission forms to Defendant. He signed the technical standards form and requested reasonable accommodations.

11. On April 1, 2009, Defendant's agent, Associate Dean for Student Affairs, Michael G. Kavan, Ph.D., contacted Plaintiff and requested medical documentation in the form of a letter from his physician documenting his impairment along with a specific request for accommodation. The communication from Defendant referred Plaintiff to the school's technical standards requirement. He reminded Plaintiff any accommodation would require adherence to the technical standards.

12. On or about April 7, 2009, Plaintiff requested clarification from Defendant as to the specific documentation the Defendant required. Additionally, Plaintiff provided information on possible resources for the Defendant to consult regarding accommodations for deaf medical students. He listed several other medical schools who currently have a deaf physician in their faculty and also schools who currently have deaf/hearing impaired physicians in their residency programs. Plaintiff also indicated he had personally met with those doctors and had gathered preliminary ideas regarding accommodations in the medical school setting.

13.     On or about April 8, 2009, Defendant responded to Plaintiff indicating the need for a letter from a physician documenting his impairment and also the specific accommodations needed to meet the technical standards of the school. This was the second reference and reminder from the Defendant to Plaintiff of the technical standards. Additionally, Defendant reminded Plaintiff to read the technical standards again "very carefully."

14.     On or about April 10, 2009, Dr. Douglas Backous, M.D., Plaintiff's physician, submitted a letter to the Defendant describing Plaintiff's disability and also his ability to meet the technical standards of the medical school. Dr. Backous further stated Plaintiff would benefit from closed captioning and possibly an FM system as accommodations for his disability.

15.     On or about April 21, 2009, Mr. Argenyi contacted Defendant indicating he asked Dr. Backous to write an additional letter describing his disability. Plaintiff again stated he would meet the technical standards of the medical school. He further outlined the accommodations he would need for participation at the School of Medicine with an explanation as to each accommodation.

16.     The accommodations Plaintiff requested in the April 21, 2009 communication to Defendant included the following:

   a. For lectures, real time captioning, also known as Communication Access Realtime Translation ("CART").

   b. For labs, a cued-speech interpreter or if unavailable, an oral interpreter because he is not familiar with American Sign Language ("ASL") interpretation.

    c. For small groups, the use of an FM (sound amplification) system unless the group size is much larger or the group is constantly moving in busy areas, then an interpreter may be needed.

17. Plaintiff provided further clarification in his April 21, 2009 communication to Defendant. In his letter, Plaintiff explained that an interpreter is requested to deter fatigue from constantly listening and focusing on auditory input. He further explained that the use of an interpreter is not, therefore, used to mediate clinical judgment in any form or function, thus complying with the technical standards of the school.

18. On or about May 18, 2009, Defendant wrote a letter to Plaintiff confirming receipt of the medical letter from Dr. Backous. The Defendant made an additional request for documentation from Dr. Backous, and also denied Plaintiff's request for accommodations and further announced Plaintiff's acceptance to the School of Medicine was conditional on several factors.

19. On or about May 26, 2009, Plaintiff responded to the Defendant's request indicating additional documentation from Dr. Backous would be arriving soon. Plaintiff further explained the requested accommodations and noted his use of the CART and cued-speech interpreters as accommodations provided to him during his undergraduate studies.

20. On or about June 2, 2009, Dr. Backous, M.D. and Stacey Watson, MS, CCC-A, Cochlear Implant Audiologist, submitted an additional letter to Defendant as requested. The letter contained recommendations for accommodations based on their history of working with Plaintiff. The accommodations recommended in their letter included the CART system, cued-speech interpretation and also the use of an FM System.

21. On or about June 2, 2009, a letter from Plaintiff's former supervisor, Amanda Mogg, RN, BSN, CPN, Clinical Practice Manager for the Seattle Children's Emergency Department, was submitted to Defendant at the request of Plaintiff. Former Supervisor Mogg outlined Plaintiff's work experience as a tech in the Emergency Department of the Hospital. Former Supervisor Mogg detailed Plaintiff's abilities to meet the technical standards based on her own observation of his work as a tech, "For example, he was our only tech on in the daytime and is responsible to work and communicate completely verbally with his colleagues on our multidisciplinary team in the Emergency Department. He helps to take preliminary patient information during our triage process, negotiates care with families with ease and does that all independently. Specifically, he takes vital signs, helps to settle incoming ambulances and is a runner during emergencies."

22. On or about June 3, 2009, Defendant indicated his receipt of the medical documentation and stated to Plaintiff that a meeting was to be held the following week in order to make a decision on the accommodations.

23. On or about June 23, 2009, Defendant sent a letter to Plaintiff stating his request for accommodations were denied. Defendant cited the medical school technical standards, "the use of a third party means a student's judgment must be mediated by another person's powers of selection and observation and for that reason, the use of a third party to assist a student in meeting the technical standards is not permitted."

24. The June 23, 2009 letter further stated the school would provide as an accommodation a first row seat for lectures, a note taker and an FM device for lectures and labs. Defendant also indicated that all medical students have access to the audio podcast of the lecture that is available on the Web.

25. Plaintiff believed further requests for reasonable accommodations from Defendant for CART and cued-speech interpreters would result in retaliation from Defendant. As a result, he indicated to Defendant his willingness to use the note service and FM system.

26. On or about August 12, 2009, Plaintiff met with Defendant and requested that he be provided with the accommodations he requested as outlined in his April 24, 2009 letter. Defendant indicated they would need to have a meeting prior to their decision. Defendant also warned Plaintiff during the meeting that he may not be eligible as a first year medical student.

27. On or about August 27, 2009, Defendant indicated additional medical documentation was needed to support Plaintiff's request for the CART and cued-speech interpreter.

28. On or about September 1, 2009, Plaintiff contacted Defendant and indicated the accommodations provided were not effective means of communication. He also made another request for the accommodations he outlined in his April 21, 2009 letter and August 12, 2009 meeting with Defendant.

29. On or about September 16, 2009, Plaintiff submitted additional medical documentation to Defendant supporting his request for accommodations.

30. On or about September 21, 2009, Defendant again denied Plaintiff's request for accommodations stating the need for yet more medical documentation. Defendant has not provided Plaintiff reasonable accommodations to achieve effective communication.

## FIRST CAUSE OF ACTION
## TITLE III OF THE AMERICANS WITH DISABILITIES ACT

31. Plaintiff restates and incorporates by reference each of the allegations in paragraphs 1 through 30, above.

32. Plaintiff is substantially limited in the major life activities of hearing, speaking, and communicating. Accordingly, he is considered an individual with a disability as defined under the ADA, 42 U.S.C. § 12102(2)(A).

33. Defendant Creighton University, owns, leases and/or operates a place of public accommodation as defined under Title III of the ADA, 42 U.S.C. § 12181 (7) (J).

34. Defendant has discriminated and continues to discriminate against Plaintiff on the basis of his disability, in violation of Title III of the ADA, 42 U.S.C. § 12182, by denying Plaintiff equal participation in the educational services offered to other students by refusing to provide reasonable accommodations for effective communication and providing ineffective communication accommodations in the following areas, including, but not limited to:

   a. Denying Plaintiff meaningful participation in lectures and labs, by failing to provide the CART system so that Plaintiff is able to receive information in real-time thereby allowing Plaintiff the same access to lecture information as other students;

   b. Failing to provide cued-speech and/or oral interpreter for labs and small groups;

   c. Stating that an audio podcast available on the Web to all medical students is a sufficient accommodation for Plaintiff despite Plaintiff's demonstrated inability to hear the broadcast;

   d. Relying upon ineffective contemporaneous communication accommodations, such as a note-taker and a front row seat for lectures, thereby denying Plaintiff meaningful participation and equal access to the lectures;

  e. Relying upon ineffective contemporaneous communication accommodations, such as an FM system for lectures and labs, denying Plaintiff meaningful participation and equal access to the lectures and labs.

## SECOND CAUSE OF ACTION
## SECTION 504 OF THE REHABILITATION ACT

35. Plaintiff restates and incorporates by reference each of the allegations in paragraphs 1 through 34, above.

36. Plaintiff is substantially limited in the major life activities of hearing, speaking, and communicating. Accordingly, he is considered an individual with a disability as defined under Section 504 of the Rehabilitation Act, as amended, 29 U.S.C. § 705(20)(B).

37. Plaintiff is a "qualified individual with a disability" under Section 504 of the Rehabilitation Act because he meets the essential eligibility requirements for the receipt of Defendant's programs and services.

38. During all relevant times, Defendant Creighton University is a recipient of federal financial assistance within the meaning of 29 U.S.C. §794(b)(A)(1) by virtue of its participation in federal programs including, but not limited to, the federal student loan program.

39. Defendant Creighton University has discriminated and continues to discriminate against Plaintiff on the basis of his disability, in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), by denying him equal access to the educational services offered to other students because Defendant refuses to provide reasonable accommodations to Plaintiff for effective communication and providing ineffective communication accommodations, including, but not limited to, the following:

    a. Denying Plaintiff meaningful participation in lectures and labs, by failing to provide the CART system so that Plaintiff is able to receive information in real-time, thereby allowing Plaintiff the same access to lecture information as other students;

    b. Failing to provide cued-speech and/or oral interpreter for labs and small groups;

    c. Stating that an audio podcast available on the Web to all medical students is a sufficient accommodation for Plaintiff despite Plaintiff's demonstrated inability to hear the broadcast;

    d. Relying upon ineffective communication accommodations, such as a note-taker and a front row seat for lectures, denying Plaintiff meaningful participation and equal access to the lectures;

    e. Relying upon ineffective contemporaneous communication accommodations, such as an FM system for lectures and labs, thereby denying Plaintiff meaningful participation and equal access to the lectures and labs.

## ATTORNEY'S FEES

40.     Plaintiff is entitled to and seeks an award of his reasonable attorney's fees, expenses, and costs pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 12205.

## JURY DEMAND

41.     Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court provide the following relief:

A. Issue a declaratory judgment that Defendant's practices subjected Plaintiff to discrimination in violation of Title III of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act;

B. Enjoin Defendant from implementing or enforcing any policy, procedure, or practice that denies individuals, such as Plaintiff, who are deaf or hard of hearing, equal access to and an equal opportunity to participate in and benefit from Defendant's educational services or programs;

C. Order Defendant to provide reasonable accommodations to the Plaintiff that provide effective communication and allow Plaintiff to enjoy equal access to the educational services provided by the Defendant;

D. Award Plaintiff damages under Section 504 of the Rehabilitation Act;

E. Award Plaintiff his reasonable attorney's fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 12205; and

F. Award any and all other relief that this Court finds necessary and appropriate.

Dated this 24th day of September, 2009.

Respectfully submitted.

/s/ Dianne D. DeLair
Dianne D. DeLair, #21867
Nebraska Advocacy Services, Inc.
*The Center for Disability Rights, Law and Advocacy*
Federal Trust Building
134 S. 13th Street, Suite 600
Lincoln, NE 68508
(402) 474-3183
Fax (402) 474-3274
Email: Dianne@nas-pa.org