### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL S. ARGENYI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:09CV341 |
| vs. | ) | |
| | ) | ORDER |
| CREIGHTON UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on defendant's renewed motion (#79) for leave to file an amended answer and affirmative defenses to the First Amended Complaint. The court takes judicial notice of the evidentiary materials filed in conjunction with plaintiff's motion for a temporary restraining order. Having considered the plaintiff's objections (#84), and the defendant's reply brief (#90) the court finds that the motion should be granted.

### BACKGROUND

    Plaintiff, who is deaf, is a medical student at Creighton University. By letter dated May 26, 2009, plaintiff requested certain accommodations: (a) Computer-Assisted Real-Time Transcription (CART) for lectures, (b) a qualified interpreter for labs, and (c) the use of an FM (sound amplification) system. The letter states: "I would like to emphasize that I am requesting accommodations not for assistance in clinical assessment but for assistance in learning new material." (#81-1 at p. 1).

    Plaintiff filed this action September 24, 2009, alleging that Creighton University failed to provide him with effective means of communication in order to fully participate as a first year medical student. The First Amended Complaint (#23), filed January 15, 2010, added a request for reimbursement for expenses of auxiliary aids and services. Defendant filed its Answer and Affirmative Defenses (#28) on February 2, 2010.

    Plaintiff successfully completed his first year of medical school and was deposed on June 29, 2010. On July 28, 2010, plaintiff requested accommodations for his second year of medical school, including "oral sign-supported interpreter for all small groups, lectures, OSCEs[1] and longitudinal clinic." (#64-2 at p. 11).

    Defendant initially sought to amend its answer on August 4, 2010 (#50). At the parties' joint request, the case was stayed on August 18, 2010 pending mediation. Pursuant to General

---

[1] Objective Structured Clinical Examination.

Order 2005-21, defendant's motion was denied, without prejudice to reassertion if the mediation was not successful.

Apparently, a mediation session was held August 21, 2010, at which time defendant reportedly informed plaintiff he would be prohibited from using an interpreter in his clinical training. (*See* #60 at p. 1). On August 23, plaintiff moved for a temporary restraining order (#59) enjoining defendant from preventing plaintiff's use of interpreters in the clinical setting. Judge Smith Camp held a hearing and denied the motion on August 25, 2010 (#65).

On September 9, 2010, the parties advised that mediation was unsuccessful. The stay was lifted and amended deadlines were set. (#77). The motion now under consideration was filed September 16, 2010.

## DISCUSSION

### A.   Nature of the Defense

Defendant seeks to amend its answer by adding a "direct threat" affirmative defense: that plaintiff's participation in Creighton University School of Medicine's programs would pose a direct threat to the health and safety of others if some of the accommodations that he requested were granted.

> An employer has an affirmative defense to a charge of discrimination for qualification standards that deny job benefits to individuals with disabilities if the standards are "shown to be job-related for the position in question and ... consistent with business necessity." 42 U.S.C. § 12113(a). Such standards may include "a requirement that an individual shall not pose a direct threat to the health or safety of other individuals in the workplace." 42 U.S.C. § 12113(b). Under EEOC regulations, the "direct threat" defense is applicable whether the worker's disability poses a threat to his own safety or to the safety of others. *Chevron U.S.A. Inc. v. Echazabal*, 536 U.S. 73, 78 (2002) (quoting 29 C.F.R. § 1630.15(b)(2) (2001)). The burden is on the employer to prove the "direct threat" affirmative defense. *Id*. (noting that it is an affirmative defense)[.]

*Hohn v. BNSF Ry. Co.*, 2007 WL 2822754 at *5, Case No. 8:05cv552 (D. Neb. Sept. 26, 2007) (parallel citation omitted).

Beginning in the second year of medical school, the clinical portion of plaintiff's education, for which he now asks for interpreters and other accommodations, will include working directly with patients. According to Dr. Thomas J. Hansen, the Associate Dean for Medical Education, all patients have the right to refuse to have an interpreter in the exam room, based on their comfort level. Patients will need to be asked if they consent to having a medical student and an interpreter in the exam room prior to either entering the room for each visit. A

patient may refuse to give permission to have the medical student, the interpreter, or both of them, in the exam room for any part of the patient visit. (#64-3 at ¶ 18). Dr. Hansen opined that

> many patients are unwilling to share vital information regarding their health if someone other than the physician is in the examination room. While the patient has the choice regarding whether they will allow the interpreter in the examination room, in my experience many patients will withhold vital information rather than asking that the interpreter leave the room when asked questions the patient considers personal.

*Id.* at ¶ 19.

### B.   Rule 16 Standard

Summarized, plaintiff's objections are primarily based on timeliness. The progression order deadline for filing motions to amend the pleadings expired on January 15, 2010, and this matter was not raised until August 2010.

The Eighth Circuit has held that if a party moves for leave to amend a pleading after the deadline specified in the court's scheduling order has passed, the party must show cause to modify the schedule before the court may grant leave to amend. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). This rule reflects the plain language of Fed. R. Civ. P. 16(b)(3), which requires the district courts to issue a scheduling order limiting the time to amend the pleadings. The rule specifically provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "'The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements.'" *Sherman*, 532 F.3d at 717 (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)).

Here, the plaintiff argues that defendant could have raised this defense prior to the January 15, 2010 deadline. The court, however, is inclined to agree with the defendant that plaintiff did not actually request an accommodation requiring the use of interpreters in the clinical setting until the summer of 2010. Defendant sought to raise the "direct threat" defense within a reasonable time after learning of this additional request for accommodation. Under the circumstances, the court finds that the defendant has acted diligently and has shown good cause for an extension of the deadline for filing the instant motion.

### C.   Rule 15 Standard

Under Fed. R. Civ. P. 15(a)(2), the court should "freely give leave" to amend a pleading "when justice so requires"; however, parties do not have an absolute right to amend their pleadings. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d at 715. "A district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad

faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Id.* (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)). "In most cases, '[d]elay alone is insufficient justification; prejudice to the nonmovant must also be shown.'" *Moses.com*, 406 F.3d at 1065 (quoting *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)).

It is not unusual for parties in civil litigation to request leave to amend the pleadings after conducting discovery. In this case, all the parties have conducted discovery with diligence. The record does not suggest that any party has acted in bad faith or with a dilatory motive.

A motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses. *Gamma-10 Plastics, Inc. v. American President Lines, Ltd.*, 32 F.3d 1244, 1255 (8th Cir. 1994), *cert. denied*, 513 U.S. 1198 (1995). Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous. *See id.* at 1256." *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999). In this instance the "direct threat" defense is not "clearly frivolous."

Finally, the court finds that the proposed amendment will not cause undue prejudice, financial or otherwise, to the plaintiff.

### ORDER

For the reasons discussed above,

**IT IS ORDERED** that defendant's renewed motion (#79) for leave to file an amended answer and affirmative defenses is granted. Defendant shall file and serve the amended pleading no later than October 13, 2010.

**DATED October 5, 2010.**

                                    **BY THE COURT:**

                                    **s/ F.A. Gossett, III**
                                    **United States Magistrate Judge**