## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MICHAEL S. ARGENYI,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV341 |
| | ) | |
| vs. | ) | SECOND AMENDED ORDER |
| | ) | SETTING FINAL SCHEDULE FOR |
| **CREIGHTON UNIVERSITY,** | ) | PROGRESSION OF CASE |
| | ) | |
| Defendant. | ) | |

This case is before the court on the parties' Joint Motion to Extend (#123) and the plaintiff's Motion to Extend Progression Order (#131). Counsel for the plaintiff, Mary Vargas and Dianne DeLair, appeared telephonically. Defendant's counsel, Scott P. Moore, appeared in person. Argument was heard. Therefore,

**IT IS ORDERED** that the Motions (#123) and (#131) are granted to amend progression of the case as follows:

1. **Motions for Summary Judgment.** Motions for summary judgment shall be filed not later than **July 18, 2011**. *See* NECivR 56.1 and 7.0.1.

2. **Discovery Deadlines:**

    a. **Deposition Deadline.** All depositions, whether or not they are intended to be used at trial, shall be completed by **June 15, 2011**.

    b. **Discovery Deadline.** All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before the deposition deadline. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, but such extensions shall not extend any of the dates in this order; **any request to extend the deadlines of this order shall be sought by motion**.

    c.   **Discovery Motions.**  Discovery motions shall be filed not later than as to matters which are then ripe for decision; discovery matters arising after that date may be the subject of motions until the deposition deadline.  Counsel are reminded of the provisions of NECivR 7.0.1(i).

   3.   **Pretrial Disclosures.**  Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall serve opposing counsel and file a redacted version as applicable with the following information regarding the evidence it may present at trial other than solely for impeachment purposes as soon as practicable but not later than the date specified:

    a.   **Nonexpert Witnesses - On or before August 5, 2011:**  The name, address and telephone number[1] of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

    b.   **Deposition Testimony and Discovery** - The designation of discovery testimony and discovery responses intended to be utilized at trial is not required for this case.  Motions to require such designations may be filed not later than fifteen (15) days prior to the deposition deadline.

    c.   **Trial Exhibits - On or before August 12, 2011:**  A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits, designating on the list those exhibits it may offer only if the need arises.

    d.   **Waiver of Objections.**  Any and all objections to the use of the witnesses, deposition testimony, discovery responses, or exhibits disclosed pursuant to the above subparagraphs, including any objection pursuant to Fed. R. Civ. P. 32(a) that a deponent is available to testify at the trial, shall be made a part of the pretrial order.  Failure to list objections (except those under Fed. R. Evid. 402 and 403) is a waiver of such objections, unless excused by the court for good cause shown.

---

[1] In accordance with the E-Government Act, counsel shall, on witness lists, exhibits, and other disclosures and/or ***documents filed with the court***, redact Social Security numbers, home addresses, telephone numbers, and other personally identifying information of witnesses, but shall serve an unredacted version on opposing parties.  See NECivR 5.0.3.

4. **Motions in Limine.**

   a.   Motions in limine challenging the admissibility of expert testimony at trial under Fed. R. Evid. 702, see *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), and *Daubert v. Merrell-Dow Pharmaceuticals*, 509 U.S. 579 (1993), shall be filed by **July 8, 2011** and accompanied by a request for a hearing if necessary. Failure to timely move for a hearing may constitute waiver of the request for a hearing.

   b.   Any other motions in limine shall be filed on or before **August 19, 2011**.

5. The **Final Pretrial Conference** with the undersigned magistrate judge is set for **August 22, 2011 at 11:30 A.M.,** in chambers, 111 South 18th Plaza, Suite 2210, Roman L. Hruska United States Courthouse, Omaha, Nebraska.  The final pretrial conference shall be attended by lead counsel for represented parties.  Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2.[2]  By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin immediately thereafter.  The pretrial conference will include a discussion of settlement, and counsel shall be prepared through investigation, discovery and communication with clients and insurers, if any, to discuss fully the subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers which can be made at the conference.  Counsel shall be prepared to make additional offers or proposals for settlement in behalf of their clients at the pretrial conference, and counsel shall be prepared to make or opine on recommendations for further negotiations and conferences.

6. **Mediation and Settlement:**

   a.   If the parties intend to mediate their dispute, **notice of the mediation** shall be given to the staff of the magistrate judge's office.  The filing of a mediation reference order will terminate pending motions, without prejudice to refiling.  If the mediation is not successful, the moving party may reinstate such a motion by filing a written notice to that effect, and the other parties may respond in accordance with

---

[2]All personal information should be redacted from the public version of the order and/or attachments filed with the Clerk.  See NECivR 5.0.3.

the local rules, regarding the date of the notice as reinstating the response/reply time that remained as of the date the mediation reference order was filed.

    b.   Not later than **two weeks prior to trial**, plaintiff or plaintiff's counsel shall serve on defendant or defendant's counsel a written, updated settlement proposal. Defendant or defendant's counsel shall respond in writing to such proposal not later than one week before trial.

    c.   **Notice of settlement** shall be given to the trial judge's office as soon as practicable but in any event in time to avoid summoning a jury.  If a case settles and notice of settlement is not given in sufficient time to avoid summoning a jury, assessment of jury costs may – and  normally will – be made against a party and/or counsel for one or more of the parties.  For purposes of this paragraph, a jury is considered summoned for a trial at noon the business day prior to the designated date of trial

    7.   **A Jury trial** is set to commence, at the court's call, during the week of **September 13, 2011**, in Omaha, Nebraska, before the **Honorable Laurie Smith Camp**, United States District Judge.  Unless otherwise ordered, jury selection shall be at the commencement of trial.

    8.   **Motions to Alter Dates.**  All requests for changes of deadlines or settings established herein shall be directed to the magistrate judge by appropriate motion, including all requests for changes of trial dates.  Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

    **DATED March 29, 2011.**

                                       **BY THE COURT:**

                                       s/ F.A. Gossett, III
                                     **United States Magistrate Judge**