IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL S. ARGENYI, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV341 |
| | ) | |
| V. | ) | |
| | ) | |
| CREIGHTON UNIVERSITY, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Presently before the court are two motions to strike witness designations filed by Defendant Creighton University. (Filings 144 & 153.) Specifically, Defendant seeks to strike Plaintiff's expert designation and supplemental designation of Dr. Robert Pollard ("Dr. Pollard"), as well as Plaintiff's designation of Dr. Christopher Moreland ("Dr. Moreland") and Dr. Carolyn Stern[1] as fact witnesses.  For the reasons set forth below, Defendant's motion to strike Plaintiff's designation of Dr. Pollard will be granted.  However, the court will not, at least at this time, preclude Dr. Moreland from testifying in this case.

    1.    ***Defendant's Motion to Strike Plaintiff's Expert Designation and Supplemental Designation of Dr. Pollard.***

On September 16, 2010, Defendant filed a motion for leave to file an amended answer to Plaintiff's First Amended Complaint. (Filing No. 79.) Defendant sought to add the "direct threat" affirmative defense to its Answer.  The court granted Defendant's motion and, on October 14, 2010, Defendant filed an amended answer (filing 98) which included the direct threat defense.

Following the expiration of the deadline to designate expert witnesses, Plaintiff filed

---

[1] In response to Defendant's motion to strike, Plaintiff has withdrawn his designation of Dr. Stern as a witness.  Therefore, to the extent Defendant's motion seeks to exclude Dr. Stern's testimony, it is denied as moot.

a Motion for Leave to Designate Additional Expert Witness (filing 110). Before filing the Motion for Leave, Plaintiff's counsel contacted Defendant's counsel and explained Plaintiff's need to designate an expert to address the newly added direct threat defense. Defendant did not object to the motion and, on November 5, 2010, the court granted Plaintiff leave to designate an additional expert witness. (Filing 113.) On March 7, 2011, Plaintiff disclosed the Expert Witness Report of Robert Q. Pollard, Jr., Ph.D. (filing 125).

On March 21, 2011, Defendant filed an unopposed motion for leave to file a second amended answer to Plaintiff's First Amended Complaint (filing 128). Defendant wished to withdraw the direct threat defense that it had plead in its Amended Answer. The motion was granted and Defendant then filed its Second Amended Answer (filing 130) which removed reference to the direct threat defense. On May 4, 2011, Plaintiff filed a Notice of Supplementation (filing 140) and served another expert report from Dr. Pollard. The Notice of Supplementation explained that a slight revision of Dr. Pollard's report was needed because Defendant had withdrawn the direct threat defense. (Filing 140).

Defendant has moved to strike the expert designation of Dr. Pollard arguing that Dr. Pollard's testimony is no longer necessary or appropriate because Defendant was withdrawn the direct threat defense. The court agrees. Plaintiff's Motion for Leave to Designate Additional Expert Witness stated: "In order to respond to the newly alleged affirmative defense, Plaintiff requests leave to designate an expert solely to address the affirmative defense of direct threat . . ." (Filing 110.) It was upon this basis that the court granted Plaintiff's motion. Because the direct threat defense has been withdrawn, the stated reason for Dr. Pollard's testimony no longer exists and his testimony is no longer relevant. Accordingly, Dr. Pollard's expert designation will be stricken and his expert testimony precluded.

      2.     ***Defendant's Motion to Strike Designation of Dr. Moreland.***

Plaintiff timely disclosed Dr. Moreland as a lay witness in this case. However, Defendant maintains that Dr. Moreland should not be allowed to testify in this matter because Dr. Moreland is, in reality, an expert witness and has not been timely disclosed as such.

Defendant is correct that the deadline for designation of expert witnesses has passed. Therefore, Dr. Moreland will not be permitted to offer expert testimony in this case. Nevertheless, Dr. Moreland may still be able to offer lay testimony, as he was timely disclosed as a fact witness. The question of the relevance and admissibility of Dr. Moreland's lay testimony will be decided at a later date. Defendant's motion to strike the designation of Dr. Moreland will be denied.

**IT IS ORDERED:**

1. Defendant's Motion to Strike Plaintiff's Expert Designation and Supplemental Designation (filing 144) is granted. Plaintiff's expert designation and supplemental designation of Dr. Robert Pollard is hereby stricken. Dr. Pollard may not testify as an expert witness in this case.

2. Defendant's Motion to Strike Plaintiff's Designation of Dr. Carolyn Stern and Dr. Christopher Moreland (filing 153) is denied.

**DATED August 15, 2011.**

BY THE COURT:

S/ F.A. Gossett
**United States Magistrate Judge**