IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MICHAEL S. ARGENYI,

    Plaintiff,

v.

CREIGHTON UNIVERSITY,

    Defendant.

CASE NO. 8:09cv341

**DECLARATION OF ALLISON D. BALUS IN SUPPORT OF BILL OF COSTS**

I, Allison D. Balus, having personal knowledge of the facts contained in this declaration and being competent to testify to them, hereby state as follows:

1. I am an attorney with the law firm of Baird Holm LLP.

2. I am one of the attorneys of Baird Holm LLP representing Creighton University in these proceedings.

3. On September 22, 2011, judgment was entered in favor of the Defendant (Filing No. 222) pursuant to the Court's granting of Defendant's Motion for Summary Judgment. This affidavit is given in support of the Bill of Costs.

4. The issue of this litigation was whether Defendant violated the Title III of the ADA and Section 504 of the Rehabilitation Act when it failed to grant Plaintiff the accommodations he requested.

5. The following are the costs of depositions that were (a) reasonably necessary at the time they were taken and (b) the transcripts of which were used in support of Defendant's Motion for Summary Judgment (filed 7/18/2011, Doc. No. ) and entered into evidence:

| Deponent | Date | Fee |
|---|---|---|
| Michael Argenyi | 6/29/2010 | $1,367.62 |

6. The following are the costs of depositions that were (a) reasonably necessary when taken, and (b) the transcripts of which were used by Plaintiff in opposition to Defendant's motion for summary judgment (filed 8/8/2011 and supplemented 8/11/2011) and were entered into evidence.

| Deponent | Date | Fee |
|---|---|---|
| Dr. Britt Thedinger | 10/18/2010 | $164.10 |
| Richard Okamoto | 10/20/2010 | $1,114.10 |

7. The following are the costs of depositions that were (a) noticed and taken by Plaintiff, (b) reasonably necessary when taken, and (c) the transcripts of which were used by Plaintiff in opposition to Defendant's motion for summary judgment (filed 8/8/2011 and supplemented 8/11/2011) and were entered into evidence.

| Deponent(s) | Date | Fee |
|---|---|---|
| Michael Kavan | 9/28/2010 | $303.13 |
| Wade Pearson | 6/30/2010 | $400.05 |
| Dr. Thomas Hansen | 10/26/2010 | $364.36 |
| Dr. Floyd Knoop | 6/6/2011 | $128.00 |

8. The following are the costs of depositions that were (a) reasonably necessary at the time they were taken and (b) the transcripts of which were used in support of Defendant's Motion In Limine To Exclude Expert Testimony (filed 7/8/2011, Doc. No. 180) and entered into evidence:

| **Deponent(s)** | **Date** | **Fee** |
|---|---|---|
| Gail Peoples | 10/18/2010 | $875.50 |
| Margaret Tyska Heaney | 5/17/2011 | $479.75 |

9. The total amount for these deposition costs was $5,196.61.

10. Defendant paid Plaintiff's expert witness, Dr. Britt A. Thedinger, a $1,000 fee for his attendance at his deposition on October 18, 2010. However, in accordance with the Court's Taxation of Costs by the Clerk Bill of Costs Handbook, Defendant seeks only the $40.00 statutory fee for witness appearance for this expert witnesses.

11. Defendant paid Plaintiff's expert witness, Gail Peoples, a $1,200 fee for her attendance at her deposition on October 18, 2010. In accordance with the Court's Taxation of Costs by the Clerk Bill of Costs Handbook, Defendant seeks only the $40.00 statutory fee for her witness appearance. In addition, Defendant paid $610.68 towards Ms. People's travel expenses (for meals, hotel, flight, and cab). With respect to these travel expenses, Defendant seeks costs in the full amount of $610.68. The costs associated with Ms. Peoples' airfare ($337.15) and taxicab fare ($7.50) are taxable. (see Handbook, Section II.C.1.c. Travel by Common Carrier and Section II.C.1.e. Miscellaneous Expenses).[1] In addition, the remaining amount Defendant paid for Ms. Peoples' hotel and meal expenses, $266.03, is taxable because it does not exceed the applicable subsistence rates for October 17–19, 2010 ($154.00 per day for the first two days and $61.00 for the last day—a total of $369.00) (see Attachment 2 to the Handbook). Thus, Defendant seeks a total of $650.68 for witness fees for this expert witnesses.

---

[1] Defendant entered the total amount for Ms. Peoples' airfare and cab fare ($344.65) under "Mileage" on the Bill of Costs.

3

12. Defendant paid Plaintiff's expert witness, Margaret Tyska Heaney, a $237.50 fee for her attendance at her deposition on May 17, 2011. However, in accordance with the Court's Taxation of Costs by the Clerk Bill of Costs Handbook, Defendant seeks only the $40.00 statutory fee for witness appearance for this expert witnesses.

13. Defendant thus seeks a total of $ 5,927.29 in taxable costs.

14. Attached hereto as Exhibit "A" and incorporated herein by reference are true and correct copies of the invoices and proofs of payment for the services referred herein.

15. The items and costs listed herein are correct and were necessarily incurred in the case and the services for which the fees charged were actually and necessarily performed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 10/20/11

By: *Allison D. Balus*
Allison D. Balus

DOCS/1067364.1