IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL S. ARGENYI,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CREIGHTON UNIVERSITY,<br><br>　　　　　Defendant. | CASE NO. 8:09CV341<br><br><br>MEMORANDUM<br>AND ORDER |

　　　　This matter is before the Court on the Statement of Objections to Magistrate Judge's Order (Filing No. 245) filed by Plaintiff Michael S. Argenyi.  Argenyi objects to Magistrate Judge Gossett's Order (Filing No. 206), in relevant part, granting Defendant Creighton University's ("Creighton") motion to strike Argenyi's expert designation and supplemental expert designation of Dr. Robert Pollard ("Dr. Pollard").  For the reasons discussed below, the Statement of Objections will be overruled.

## BACKGROUND

　　　　Argenyi, who is deaf, brings this action pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189, and § 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794.  He alleges that Creighton has failed to provide him with the auxiliary aids and services necessary to allow him to participate fully as a student in Creighton's medical school.  (*See* Am. Compl., Filing No. 26.)  He initiated this action on September 24, 2009.  Creighton filed its original answer on November 18, 2009 (Filing No. 18), alleging as one of its affirmative defenses that "[g]ranting the accommodations requested by Plaintiff would result in a fundamental alteration in the nature of Creighton's medical school program and its technical standards."  (Filing No.

18.)  Despite amending its answer on more than one occasion, Creighton has always asserted this "fundamental alteration" defense.  (*See* Filing Nos. 28, 98, 130.)

On September 16, 2010, in response to Argenyi's request for certain accommodations for the clinical portion of his medical education at Creighton, Creighton filed a motion for leave to amend its answer in order to add a "direct threat" affirmative defense.  (Filing No. 79.)  The Court granted Creighton's motion to amend (Filing No. 92), and on October 14, 2010, Creighton filed its amended answer, adding the direct threat affirmative defense.  (Filing No. 98.)

On November 4, 2010, after the deadline for designating expert witnesses had passed (*see* Filing Nos. 32, 36), Argenyi filed his Motion for Leave to Designate Additional Expert Witness.  (Filing No. 110.)  In this motion, Argenyi stated that "[i]n order to respond to the newly alleged affirmative defense, [he] requests leave to designate an expert solely to address the affirmative defense of direct threat."  (*Id.* at ¶ 2.)  Argenyi's counsel contacted Creighton's counsel prior to filing the motion. Creighton did not oppose the motion after it was made clear that Argenyi's new expert would be designated solely to address Creighton's direct threat affirmative defense. (*See* Filing Nos. 146-1 at CM/ECF p. 2 ¶¶ 4-5, 157-2.)  Argenyi's Motion for Leave was granted and a new progression order was issued.  (Filing Nos. 111, 112, 113.)  On March 7, 2011, within the newly designated time for doing so, Argenyi disclosed Dr. Pollard's expert report.  (Filing No. 125.)  Dr. Pollard stated in his report that Argenyi's counsel requested that Dr. Pollard offer his "opinion as to whether the provision of accommodations requested by Mr. Argenyi . . . creates a direct threat to patients." (Filing No. 146-1 at CM/ECF p. 4.)

On March 21, 2011, Creighton filed an unopposed motion to file a second amended answer and withdraw its direct threat defense. (Filing No. 128.) The Court granted this motion (Filing No. 129), and on March 21, 2011, Creighton filed its Second Amended Answer (Filing No. 130), removing all references to the direct threat defense.

On May 4, 2011, Argenyi filed a Notice of Supplementation (Filing No. 140), indicating that although Creighton had withdrawn its direct threat defense, Dr. Pollard's report was relevant to other issues, and therefore, would be revised to eliminate references to the withdrawn defense.

On May 11, 2011, Creighton filed its Motion to Strike Plaintiff's Expert Designation and Supplemental Designation. (Filing No. 144.) Judge Gossett granted this motion, finding that Dr. Pollard's testimony was no longer needed or appropriate because Creighton withdrew its direct threat defense. Judge Gossett noted that Argenyi sought leave to designate Dr. Pollard as an expert "solely to address the affirmative defense of direct threat," and that was the sole basis for the Court granting Argenyi's request for leave to designate Dr. Pollard as an expert. Judge Gossett stated that "[b]ecause the direct threat defense has been withdrawn, the stated reason for Dr. Pollard's testimony no longer exists and his testimony is no longer relevant." (Filing No. 206.) Therefore, Judge Gossett ordered that Dr. Pollard's expert designation be stricken and his expert testimony be precluded.

## STANDARD

When a party objects to a magistrate judge's order on a nondispositive pretrial matter, a district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

3

"'A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Saleen v. Waste Mgmt., Inc.*, 649 F. Supp. 2d 937, 943 (D. Minn. 2009) (quoting *Chase v. Comm'r of Internal Revenue,* 926 F.2d 737, 740 (8th Cir.1991)) (internal quotation marks omitted). "An order is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1043 (S.D. Iowa 2010) (internal quotation marks and citation omitted).

## DISCUSSION

Argenyi contends Judge Gossett erred when he found that "[b]ecause the direct threat defense has been withdrawn, the stated reason for Dr. Pollard's testimony no longer exists and his testimony is no longer relevant." Argenyi argues that Creighton has merely relabeled its direct threat defense as a fundamental alteration defense and continues to assert that using interpreters in the clinical setting inhibits patient care. Creighton asserts Judge Gossett "was well within his discretion" when he ordered that Dr. Pollard's report be stricken and his testimony be precluded. Creighton asserts that the evidence Argenyi believes Creighton is using to present a disguised direct threat defense is actually being used to support the proposition that courts should defer to an educational institution's accommodation decision with respect to candidates for professional degrees, which relates to the "fundamental alteration" issue. Creighton requests that, to the extent the Court believes Creighton is continuing to make disguised direct threat arguments, the Court should merely disregard them as irrelevant.

4

The Court is not persuaded that a mistake has been made or that the relevant law has been misapplied.  The Court notes that Argenyi cites to Fed. R. Evid. 702, *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993), and *Kumho Tire v. Carmichael*, 526 U.S. 137 (1999), to support its Statement of Objections.  (Pl.'s Br., Filing No. 245 at 4-5.)  This is not the relevant law.  The basis for Creighton's motion to strike was that the "good cause" allowing Argenyi to deviate from the original progression order deadlines no longer existed.  (*See* Filing No. 144.)

"To modify a progression order, a party must show good cause for the modification."  *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006).  The Court "has broad discretion in establishing and enforcing [progression order] deadlines."  *Id.* (citing Fed. R. Civ. P. 16, 37).  The only "good cause" Argenyi showed for granting Argenyi's Motion for Leave to Designate Additional Expert Witness was Creighton's recently added direct threat defense, which has been withdrawn.  Furthermore, there is no reason to believe Argenyi could not have timely designated Dr. Pollard as an expert to address the fundamental alteration issue since Creighton has always asserted a fundamental alteration defense and Argenyi has timely designated other experts to address that defense.  (*See* Filing Nos. 42, 152-10.)  Under these circumstances, it was not improper to enforce the original progression order deadline by striking Dr. Pollard's expert designation and precluding his expert testimony.  To the extent Creighton continues to argue that its failure to provide Argenyi his requested accommodations was warranted because the accommodations would inhibit patient care, those arguments are irrelevant and will be disregarded.

Applying the standard set forth above, the Court finds that finds Judge Gossett's Order was neither clearly erroneous nor contrary to the law.   Therefore, the Argenyi's Statement of Objections will be overruled, and Judge Gossett's Order will be affirmed.

Accordingly,

IT IS ORDERED that the Statement of Objections to Magistrate Judge's Order (Filing No. 245) filed by Plaintiff Michal S. Argenyi is overruled.

Dated this 19th day of June, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge