IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL S. ARGENYI, | ) | CASE NO. 8:09CV341 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| CREIGHTON UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Renewed Motion for Partial Summary Judgment as to Plaintiff's Claim for Compensatory Damages and Motion to Strike Jury Demand (Filing No. 258). For the reasons discussed below, the Motion will be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Michael S. Argenyi ("Argenyi") is a medical student with a hearing disability, attending Defendant Creighton University ("Creighton"). He brought this action under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, and § 504 of the Rehabilitation Act, 29 U.S.C. § 794.

Argenyi does not know sign language, but relies primarily on "cued speech," which uses hand signals to represent sounds, and Communication Access Real-time Transcription ("CART"), a system which transcribes spoken words into text on a computer screen. Before starting medical school, he received a bilateral cochlear implant, and his physicians recommended that he be provided with access to CART, a cued speech interpreter, and an FM system that would direct sound to his cochlear implants. Creighton provided some, but not all, of the accommodations Argenyi requested.

This Court granted summary judgment in favor of Creighton, and Argenyi appealed. The United States Court of Appeals for the Eighth Circuit reversed, concluding that genuine

issues of material fact remained "as to whether Creighton denied Argenyi an equal opportunity to gain the same benefit from medical school as his nondisabled peers by refusing to provide his requested accommodations." *Argenyi v. Creighton Univ.*, 703 F.3d 441, 451 (8th Cir. 2013).  The matter is set for jury trial on August 20, 2013.

Creighton seeks summary judgment as to Argenyi's claim for compensatory damages, asserting (1) Title III of the ADA does not provide for compensatory damages, and (2) Argenyi cannot recover compensatory damages under the Rehabilitation Act because no reasonable jury could conclude that Creighton acted with deliberate indifference when it denied certain of Argenyi's requests for accommodation.  Creighton also contends that Argenyi is not entitled to a jury trial, because he is limited to equitable relief.

Argenyi argues that he *can* obtain compensatory damages under Section 504 of the Rehabilitation Act if he demonstrates that Creighton acted with "deliberate indifference to the strong likelihood that pursuit of its questioned policies [would] likely result in a violation of federally protected rights."  (Pl.'s Br., Filing No. 267 at 11 (quoting *Meagley v. City of Little Rock*, 639 F.3d 384, 389 (8th Cir. 2011).)  He suggests that it is for the trier of fact to determine whether Creighton's "'decisions not to accommodate him were considered and deliberate.'"  (*Id.* at 12 (quoting *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1140 (9th Cir. 2001).)

## STANDARD OF REVIEW

"Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, demonstrates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Gage v. HSM Elec. Prot.*

*Servs., Inc.*, 655 F.3d 821, 825 (8th Cir. 2011) (citing Fed. R. Civ. P. 56(c)).  The court will view "all facts in the light most favorable to the non-moving party and mak[e] all reasonable inferences in [that party's] favor."  *Schmidt v. Des Moines Pub. Sch.*, 655 F.3d 811, 819 (8th Cir 2011).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue . . . Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  The moving party need not negate the nonmoving party's claims by showing "the absence of a genuine issue of material fact."  *Id.* at 325.  Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case."  *Id.*

In response to the movant's showing, the nonmoving party's burden is to produce specific facts demonstrating "'a genuine issue of material fact' such that [its] claim should proceed to trial."  *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 422 (8th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)).  The nonmoving party "'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quoting *Matsushita*, 475 U.S. at 586-87)), *cert. denied,* 132 S. Ct. 513 (2011).  "'[T]he mere existence of *some* alleged factual dispute between the parties'" will not defeat an otherwise properly supported motion for summary judgment.  *Quinn v. St. Louis Cnty.*, 653 F.3d 745, 751 (8th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986)).

In other words, in deciding "a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to

3

those facts.'" *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Scott v. Harris,* 550 U.S. 372, 380 (2007)). Otherwise, where the Court finds that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party"–where there is no "'genuine issue for trial'"–summary judgment is appropriate. *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

## DISCUSSION

In its opinion remanding this matter, the Eighth Circuit stated: "The key question is whether Creighton discriminated against Argenyi by failing to provide necessary auxiliary aids and services during his first year of medical school and by refusing to permit Argenyi to use an interpreter during his second year clinic." 703 F.3d at 447. Providing further guidance, the Eighth Circuit said:

> Under a "meaningful access" standard, we have decided that aids and services "are not required to produce the identical result or level of achievement for handicapped and nonhandicapped persons," but they nevertheless "must afford handicapped persons equal opportunity to . . . gain the same benefit." *Loye v. Cnty. of Dakota*, 625 F.3d 494, 499 (8th Cir. 2010) (citing *Alexander*, 469 U.S. at 305). The Eleventh Circuit has similarly concluded that the "proper inquiry" under the Rehabilitation Act to determine if a hospital had provided "necessary" auxiliary aids to a hearing impaired patient was whether the proffered aids "gave that patient an equal opportunity to benefit from the hospital's treatment." *Liese v. Indian River Cnty. Hosp. Dist.,* 701 F.3d 334, 343 (11th Cir. 2012). As the court observed in *Liese*, that inquiry "is inherently fact-intensive" and "largely depends on context." *Id.* at 342–43.

*Id.*

It will be for the trier of fact to determine whether Creighton failed to provide auxiliary aids that were necessary to ensure Argenyi effective communication so he could enjoy meaningful access to the education and training that Creighton Medical School offered. It also will be for the trier of fact to determine whether Creighton acted with deliberate indifference to a strong likelihood that its policies would violate Argenyi's federally protected

rights. Both inquiries will be fact-intensive, largely depending on the context. For example, the question of whether Creighton acted with deliberate indifference to a strong likelihood that its policies would violate Argenyi's protected rights may depend on evidence of Argenyi's specific disabilities and specific skills, information received by Creighton's decision-makers regarding Argenyi's requests for accommodations and the rationale underlying those requests, Argenyi's progress or lack of progress in his studies, and the specific curriculum of Creighton Medical School.

Accordingly, Creighton's Renewed Motion for Partial Summary Judgment as to Plaintiff's Claim for Compensatory Damages and Motion to Strike Jury Demand will be denied. At the pretrial conference on this matter, scheduled for July 22, 2013, the parties may discuss with the Magistrate Judge any requests for bifurcation of trial on matters to be determined by the jury and the Court.

IT IS ORDERED:

1. The Defendant's Renewed Motion for Partial Summary Judgment as to Plaintiff's Claim for Compensatory Damages and Motion to Strike Jury Demand (Filing No. 258) is denied; and

2. The Defendant's Motion for Leave (Filing No. 273) requesting leave to file a reply brief in support of its renewed motion for partial summary judgment is denied as moot.

DATED this 19th day of July, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge