IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MICHAEL S. ARGENYI,** | ) | **CASE NO. 8:09CV341** |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **CREIGHTON UNIVERSITY,** | ) | |
| Defendant. | ) | |

This matter is before the Court on the Plaintiff's Motion in Limine (Filing No. 279). For the reasons discussed below, the Motion will be granted in part and denied in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

Michael S. Argenyi is a medical student at Creighton University who has a hearing disability. He brought this action under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, and § 504 of the Rehabilitation Act, 29 U.S.C. § 794.

Argenyi does not know sign language, but relies primarily on "cued speech," which uses hand signals to represent sounds, and Communication Access Real-time Transcription ("CART"), a system which transcribes spoken words into text on a computer screen. Before starting medical school, he received a bilateral cochlear implant, and his physicians recommended that he be provided with access to CART, a cued speech interpreter, and an FM system that would direct sound to his cochlear implants. Creighton University provided some, but not all, of the accommodations Argenyi requested.

This Court granted summary judgment in favor of Creighton, and Argenyi appealed. The United States Court of Appeals for the Eighth Circuit reversed, concluding that genuine issues of material fact remained "as to whether Creighton denied Argenyi an equal opportunity to gain the same benefit from medical school as his nondisabled peers by

refusing to provide his requested accommodations." *Argenyi v. Creighton Univ.*, 703 F.3d 441, 451 (8th Cir. 2013).

The matter is set for jury trial on August 20, 2013. Argenyi has moved, in limine, to preclude Creighton from offering testimony, other evidence, or argument (1) related to Argenyi's qualifications to attend medical school, (2) suggesting that Creighton's failure to provide Argenyi with his requested accommodations was due to Creighton's concern for patient care, or suggesting that interpreters "mediate" clinical judgment, acting as third parties to communication, (3) related to Argenyi's ability to hear and communicate, or related to what auxiliary aids were effective for him, (4) related to Argenyi's use of auxiliary aids during performance tests and when working as a certified nursing assistant, (5) related to the cost of providing Argenyi with auxiliary aids during his first two years of medical school or the undue burden of providing such accommodations, (6) suggesting that only medical school funds and not Creighton University funds should be considered in any undue burden analysis, (7) consisting of cumulative testimony, (8) related to video evidence of Argenyi taking certain exams, (9) using fact witnesses as experts, and (10) related to documents written by individuals who are not testifying, including those written by Amanda Mogg, Scott Moore, Amy Bones, and persons posting online comments on the website of the Association of Medical Professionals with Hearing Loss (AMPHL).[1]

---

[1] Argenyi's Motion in Limine (Filing No. 279) first asks the Court to restrict evidence or argument in ten areas, but then requests an order precluding Creighton from offering evidence in eight areas that do not all correspond with the initial requests. The second list includes a request that Creighton be precluded from offering "speculative testimony about the costs of interpreters for the third and fourth year of medical school." (Filing No. 279 at 4.) Argenyi's Brief (Filing No. 280) presents argument in eight areas, differing from both lists presented in the Motion. In this Memorandum and Order, the Court attempts to address all issues raised by Argenyi in both sections of his Motion and in his brief.

2

## STANDARDS OF REVIEW

Fed. R. Evid. 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 701 provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

## DISCUSSION

**I.  Evidence of Argenyi's Qualifications to Attend Medical School**

Creighton acknowledges that Argenyi is qualified to be a Creighton medical student and that hearing-impaired persons may be doctors.  Creighton asserts, however, that its

Technical Standards are relevant to the question of how Creighton's educational programs are used by non-disabled students, and the question of whether the accommodations requested by Argenyi were reasonable or appropriate. The Court will not preclude Creighton, in limine, from offering evidence of its Technical Standards. The jury may be given a limiting instruction regarding the purposes for which such evidence may and may not be used.

## II.  Concerns for Patient Care, or that Interpreters "Mediate" Clinical Judgment

Creighton earlier conceded that its decision to disallow the use of interpreters for Argenyi in the clinical setting was not based on concerns for patient care. Creighton also agrees not to present evidence or argument that interpreters mediate clinical judgment, except as necessary to rebut any evidence presented by Argenyi to the effect that interpreters *do not* mediate clinical judgment. Argenyi contends that any claim that interpreters *do* mediate clinical judgment goes to the issue of patient care, which Creighton has conceded is not a defense in this case. At this time, it is unclear whether Argenyi will attempt to present expert testimony to the effect that the use of interpreters in the clinical setting *does not* mediate clinical judgment, and it is unclear whether Creighton may attempt to offer evidence in rebuttal for a purpose other than demonstrating a threat to patient care, *e.g.*, to suggest that the quality of Argenyi's medical training would be diminished by his reliance on interpreters in the clinical setting. The Court declines to exclude evidence on this issue through an order in limine.

## III.  Evidence of what Argenyi Could Hear or Understand

Argenyi's ability to hear, comprehend, and communicate in various settings will be at issue in this case. He likely will offer his own testimony and that of his physicians,

former professors, and others who have observed his processing of audio and visual communications in various settings. Creighton will not be precluded, in limine, from presenting testimony or other evidence regarding observations of Argenyi in classroom, laboratory, clinical, or other settings, including observations of how he communicated and what he appeared to understand or not understand. Such evidence may have specific relevance to the question of whether Creighton acted with deliberate indifference to Argenyi's need for accommodation and his legal rights.

### IV. Evidence of Argenyi's Need for Auxiliary Aids During Testing and When Working as a Certified Nursing Assistant

Argenyi argues that Creighton may not offer videos showing him completing certain mock patient exams, because Creighton cannot lay proper foundation for the admission of the videos into evidence, and because the videos do not fairly represent a clinical setting and, therefore, lack relevance. The Plaintiff's objection regarding foundation is premature. The Court will entertain objections as to foundation at the time of trial, and will also weigh objections as to relevance at that time, bearing in mind that certain evidence may be relevant for one purpose, such as demonstrating a lack of "deliberate indifference," and not relevant for another purpose, such as demonstrating whether Argenyi could function effectively in a clinical setting without the use of interpreters. When evidence is relevant for one purpose, but not for another, the Court may give a limiting instruction advising the jury of the purposes for which the evidence may and may not be used.

Argenyi also seeks to preclude Creighton from offering into evidence a letter from Amanda Mogg, describing Argenyi's experience as a certified nursing assistant prior to his admission to medical school. Argenyi contends that the letter is inadmissible, because

Mogg is not listed as a witness and the letter contains hearsay. Argenyi also contends that the letter is irrelevant and unduly prejudicial. Creighton responds that it will not be offering the letter for the truth of the statements contained in it, but because it was a part of the body of information Creighton considered and relied upon when making its decision to provide Argenyi with certain accommodations and not others. The Court will not preclude Argenyi, in limine, from offering the Mogg letter into evidence. Again, a limiting instruction may be given to the jury if necessary.

Argenyi also seeks to preclude Creighton from offering into evidence his grades, arguing that they lack foundation and authentication; they are incomplete; they are unreliable; they have been altered; they are irrelevant; and they are unfairly prejudicial. The Court will address the Plaintiff's objections at trial.

### V. Evidence of the "Undue Burden" of Creighton Providing Auxiliary Aids to Argenyi During his First Two Years of Medical School

Argenyi contends that Creighton is barred from asserting an "undue burden" defense regarding its decision to deny Argenyi certain accommodations during his first two years of medical school, because Creighton has acknowledged that its decision was not based on the cost of such accommodations. Creighton admits that it based its decision on its conclusion that the accommodations Argenyi requested were not necessary and reasonable, and it never reached the issue of whether the cost of the accommodations would pose an undue burden.

Title III of the Americans with Disabilities Act ("ADA") prohibits "any person who owns . . . or operates a place of public accommodation" from discriminating against any individual "on the basis of disability in the full and equal enjoyment of the goods, services,

facilities, privileges, advantages, or accommodations of any place of public accommodation."[2]  42 U.S.C. § 12182(a).  For purposes of the ADA, discrimination includes:

> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations; [and]
>
> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

*Id.* at § 12182(b)(2)(A)(ii), (iii).

The Rehabilitation Act also allows a defendant to assert the affirmative defense that providing a requested accommodation would result in an undue burden.  *Timothy H. v. Cedar Rapids Cmty. Sch. Dist.*, 178 F.3d 968, 971 (8th Cir. 1999) (undue burden defense applies to Rehabilitation Act claim); *Gorman v. Bartch,* 152 F.3d 907, 911 (8th Cir. 1998) (citing 29 U.S.C. § 794a(a)(1)) (undue burden defense applies to Rehabilitation Act claim).

Plaintiff has not directed the Court to any precedent indicating that a defendant waives the defense of "undue burden," if its decision to deny an accommodation is made on another basis.  Plaintiff does contend that, during discovery, Creighton representatives *conceded* that providing Argenyi with qualified interpreters would *not* create an undue

---

[2]Creighton does not deny that it is a place of public accommodation.  *See* 42 U.S.C. § 12181(7)(J) (providing "postgraduate private school[s], or other place[s] of education" are "public accommodations for purposes" of the ADA).

7

burden for Creighton. (Pl.'s Br., Filing No. 280 at 31.) If, at the time of trial, Creighton asserts an "undue burden" defense, Plaintiff may seek to impeach the testimony of Creighton's witnesses with reference to such responses offered during discovery.

With respect to Argenyi's third and fourth year clinical program, he contends that Creighton should not be permitted to assert an "undue burden" defense, because Creighton refused to allow him to use interpreters at his own cost. Creighton counters that it should not be required to concede the "undue burden" defense in that context unless Argenyi will concede that he would not be entitled to reimbursement for interpreters he retains. The Court will deny Argenyi's Motion in Limine with respect to Creighton's "undue burden" defenses, and address objections at the time of trial.

## VI. Argument that only Medical School Funds Should be Considered When Weighing the Undue Burden Placed on Creighton by Argenyi's Requests for Accommodations

Argenyi notes that Creighton University is the Defendant in this case, and not Creighton Medical School. He contends that Creighton should not be permitted to argue that only the Medical School's funds should be considered by the jury when weighing issues of "undue burden." Creighton contends that it will introduce evidence that the Medical School is responsible for remaining independently profitable and cannot rely on resources from Creighton University.

The Plaintiff's Motion in Limine will be denied in this respect, and the Court will address objections at the time of trial.

## VII.  Cumulative Testimony

At the time of trial, if it is apparent that certain testimony has become cumulative, the Court may limit the testimony.  The Court will not issue an order in limine to preclude any witnesses from testifying on this basis.

## VIII.  Video Evidence of Argenyi Taking Exams

As discussed in parts III and IV, above, video recordings of Argenyi taking exams may be relevant and admissible for certain purposes, including the issue of whether Creighton engaged in "deliberate indifference," and the Court will not preclude Creighton, in limine, from offering such evidence.  Limiting instructions to the jury will be considered, if such evidence is shown.

## IX.  Expert Testimony from Creighton Fact Witnesses

Creighton agents or employees who were involved in the decision to grant or deny accommodations to Argenyi may testify about their decision-making process, including the reasons for their actions.  If such actions were based on certain knowledge, skill, experience, training, or education, they may describe that background and explain how it influenced the decision.

Creighton witnesses not designated as experts may not otherwise offer expert testimony.

## X.  Writings of Amanda Mogg, Scott Moore, Mary Bones, and Postings on the Association of Medical Professionals with Hearing Loss (AMPHL) Website

The letter written by Amanda Mogg is addressed in part IV, above.  Argenyi also objects to the introduction of emails written by defense attorneys Amy Bones and Scott Moore, on the basis that they contain "irrelevant hearsay that cannot be authenticated."

(Pl.'s Br., Filing No. 280 at 25.) In connection with Plaintiff's Motion to Strike, filed after the instant motion, Plaintiff's counsel agreed to acknowledge the authenticity of the emails, but preserved objections to them on hearsay grounds. (Letter from Mary Vargas to Scott Moore, dated July 25, 2013, at Filing No. 294-2.) In the Court's Memorandum and Order (Filing No. 313), ruling on the Motion to Strike, the Court noted that the Plaintiff's hearsay objections would be addressed at trial. Similarly, the Court will address the relevance objections at trial.

With respect to postings on the AMPHL website, Creighton notes that it has not listed any such online forum comments as an exhibit (Def.'s Br., Filing No. 296 at 13), and therefore does not respond to Plaintiff's motion on that topic.

IT IS ORDERED:

1. The Plaintiff Michael Argenyi's Motion in Limine (Filing No. 279) is granted in part, as follows:

    a.  Defendant Creighton University is precluded, in limine, from offering argument that Argenyi is not qualified to attend medical school;

    b.  Defendant Creighton University is precluded, in limine, from offering argument or evidence that Argenyi's use of interpreters in the clinical setting would affect patient care;

    c.  Witnesses called by Creighton University who are not designated as expert witnesses are precluded, in limine, from offering expert testimony, provided, however, that agents or employees of Creighton who made decisions relevant to Argenyi's claims may testify about the basis for their decisions,

        including their knowledge, skill, experience, training, or education, that may have informed such decisions;

d.    Creighton University is precluded, in limine, from offering evidence or argument related to postings on the Association of Medical Professionals with Hearing Loss (AMPHL) Website;

e.    The Motion is otherwise denied; and

2. The Defendant Creighton University's Motion for Leave to File Sur-reply Brief in Opposition to Plaintiff's Motion in Limine (Filing No. 344) is denied as moot.

DATED this 19th day of August, 2013.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              Chief United States District Judge